COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2086-CR**

Cir. Ct. No. 2017CF309

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MICHAEL K. WOJCIECHOWSKI,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Barron County: JAMES C. BABLER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Wojciechowski appeals a judgment, entered upon a jury's verdicts, convicting him of theft of movable property from a

corpse and obstructing an officer. Wojciechowski challenges the sufficiency of the evidence to support his conviction for theft from a corpse. We reject Wojciechowski's arguments and affirm the judgment.

## BACKGROUND

¶2 The State charged Wojciechowski with obstructing an officer, misdemeanor theft, and theft from a corpse. The complaint alleged that Wojciechowski, Ricky Saastad, and Don Johnson were using methamphetamine at Saastad's home when Johnson started to have difficulty breathing and collapsed on the garage floor. Wojciechowski attempted CPR on Johnson while Saastad went into the house to find an inhaler. According to the complaint, Wojciechowski, believing Johnson was dead, placed Johnson's body in Johnson's vehicle, drove the car down the road, and left Johnson in the car at a stop sign. Wojciechowski returned to Saastad's home and called 911 to report there was a man passed out in a vehicle at that intersection, although he did not identify himself on the call. Wojciechowski then called his mother for a ride and left the home. Emergency personnel located Johnson, deceased, in the passenger seat of his vehicle.

¶3 The complaint further alleged that Wojciechowski told law enforcement that either before or after he performed CPR, he checked Johnson's pants pockets looking for his inhaler and found $12 of cash in Johnson's pocket. Wojciechowski further admitted that he later gave the cash to his mother.

¶4 Before trial, the charge of misdemeanor theft was dismissed on the State's motion. After the State rested its case at trial, Wojciechowski moved to dismiss the theft from a corpse charge, claiming that "the entire evidence for the theft … rests on a confession," and, therefore, the State lacked "corpus delicti."

2

The circuit court denied the motion. A jury ultimately found Wojciechowski guilty of the crimes charged. The court subsequently imposed consecutive sentences totaling three years and nine months of initial confinement followed by three years of extended supervision. This appeal follows.

## DISCUSSION

¶5 Wojciechowski argues the evidence was insufficient to support his conviction for theft from a corpse because the State failed to introduce evidence corroborating Wojciechowski's confession. The State acknowledges that a defendant cannot be convicted on the basis of his or her confession alone. ***State v. Bannister***, 2007 WI 86, ¶23, 302 Wis. 2d 158, 734 N.W.2d 892. There must also be sufficient evidence to corroborate a defendant's confession. ***Id.***, ¶25. The corroboration rule is a common-law standard. ***Id.***, ¶22. Determining if the facts fulfill a common-law standard presents a question of law that we answer independently, and we view the facts in evidence in a light most favorable to the jury's verdict. ***Id.***

¶6 In this context, for evidence to be sufficient under Wisconsin law, the State must present evidence corroborating "any significant fact" in the defendant's confession. ***Id.***, ¶27. "A significant fact is one that gives confidence that the crime the defendant confessed to actually occur[red]." ***Id.***, ¶31. A significant fact does not need to independently establish the specific elements of the crime or independently link the defendant to the crime. ***Id.*** "Rather, the State must present at least one significant fact that gives confidence that the crime the defendant has been convicted of actually did occur." ***Id.***

¶7 We conclude this standard was satisfied in this case. At trial, Barron County Sheriff's Detective Jason Hagen testified that when he responded to the

911 call, he found Johnson's body in the front passenger seat of his vehicle. Hagen identified a photograph of the vehicle's interior after Johnson's body was removed, showing Johnson's wallet and a flashlight on the passenger seat. Another photograph showed that the contents of the wallet contained no cash.

¶8    Sheriff's Detective Randy Cook testified that Wojciechowski told him he spoke to Johnson before going to Saastad's home about settling "a debt for an air conditioning unit and some other motor parts." Cook further testified that upon learning that Johnson "was said to have had some money in his possession" but no money was recovered from his person, he asked Wojciechowski if he knew what happened to the money. Wojciechowski initially told Cook that the only money he saw at Saastad's home was a $20 bill on a kitchen counter. Wojciechowski later told the detective that when searching Johnson's pockets for an inhaler, "he found Johnson's wallet," but there was no money in the wallet. Cook testified that he questioned why Wojciechowski was looking in Johnson's wallet, and he asked, rhetorically, whether Wojciechowski had ever seen an inhaler fit inside of a wallet. Cook testified that, at that point, Wojciechowski became a "little frustrated" and ultimately admitted "he did find $12 but the $12 wasn't in Johnson's wallet, it was just in his pocket." According to Cook, Wojciechowski added that "he took the money and later gave it to his mother … to buy cigarettes for him."

¶9    Wojciechowski asserts that aside from his confession, the State presented no evidence of the theft. Wojciechowski suggests the State was required to prove that the money actually existed, was missing, or was recovered. We disagree with these assertions.

¶10 Wojciechowski's separate statement that he found no money after searching Johnson's wallet, coupled with the fact that Johnson's empty wallet was discovered out of his pocket and underneath his body on the passenger seat, constituted evidence of a significant fact corroborating Wojciechowski's confession. From this evidence, the jury could reasonably infer that Wojciechowski took the $12 from Johnson's pocket, as he told Cook. Moreover, Wojciechowski's statements to Hagen suggest he went to Saastad's home to settle a debt with Johnson, further corroborating the confession. Because there was sufficient evidence to corroborate Wojciechowski's confession, we conclude the circuit court properly denied his motion to dismiss the theft charge, and we affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).